W. FLETCHER,
concurring in the denial of rehearing en banc, joined by Judge BYBEE. Judge SINGLETON may not vote on petitions for rehearing en banc, but he agrees with what is written here.
We make four points in response to Judge CALLAHAN’S dissent from the denial of the petition for rehearing en banc.
First, the dissent begins:
Fifteen-year-old Adrian Reyes confessed to killing sixteen-year-old Derek Ochoa in a drive-by shooting. He first confessed after acknowledging many times that he was not under arrest and was not required to talk, freely leaving two previous police interviews, taking a polygraph that he and his parents not only consented to but that Reyes initially suggested, and then asking to speak with detectives. After Reyes confessed, those detectives drove him to another location where they told him that he was no longer free to leave and read him his Miranda rights. He again confessed.
Dissent at 1004.
An unsuspecting reader might conclude that Reyes was not in custody when he “first confessed,” and that his first confession was therefore not taken in violation of Miranda. The reader would be mistaken. The California Court of Appeal explicitly held to the contrary. It wrote:
It is not disputed that defendant was in custody after completion of the polygraph exam, when [polygraph examiner] Heard told defendant he had failed the polygraph test and had lied about his nonparticipation in the murder. Because defendant was not advised of his Miranda rights at this point, his statements made thereafter, while at the sheriffs station, were inadmissible under Miranda v. Arizona[.]
People v. Reyes, No. D047521, 2010 WL 3026227, at *7 (Cal. Ct. App. Aug. 4, 2010).
Second, the dissent contends that Justice Kennedy’s concurrence in Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004), does not provide the controlling test in two-step interrogation cases. We first concluded in 2006 that Justice Kennedy’s concurrence provides the controlling test. See United States v. Williams, 435 F.3d 1148 (9th Cir. 2006). Of the seven circuits that have addressed the issue, six agree with us. See United States v. Capers, 627 F.3d 470, 476 (2d Cir. 2010); United States v. Torres-Lona, 491 F.3d 750, 758 (8th Cir. 2007); United States v. Street, 472 F.3d 1298, 1313 (11th Cir. 2006); United States v. Courtney, 463 F.3d 333, 338 (5th Cir. 2006); United States v. Kiam, 432 F.3d 524, 532 (3d Cir. 2006); United States v. Mashburn, 406 F.3d 303, 309 (4th Cir. 2005). The seventh concludes that Justice Souter’s plurality controls. See United States v. Ray, 803 F.3d 244, 272 (6th Cir. 2015). That conclusion cannot *1003 help the dissent because Justice Souter’s test is less favorable to police interrogators; an interrogation that fails Justice Kennedy’s test will necessarily fail Justice Souter’s test. Three other circuits have applied both Justice Kennedy and Justice Souter’s tests without choosing between the two. See United States v. Widi, 684 F.3d 216, 221 (1st Cir. 2012); United States v. Lee, 618 F.3d 667, 678 (7th Cir. 2010); United States v. Carrizales-Toledo, 454 F.3d 1142, 1151 (10th Cir. 2006).
Third, the dissent contends that our opinion “permits federal courts to read the worst into state court decisions on habeas review,” and that it “requires all courts to presume the worst of police officers in applying Seibert.” Dissent at 1004. We strongly disagree. We carefully provide AEDPA deference to the decision of the California Court of Appeal, and our opinion presumes the contrary.
Two of us, Judges Fletcher and Bybee, conclude that the Court of Appeal misunderstood both Miranda and Seibert, and that its decision was “contrary to” those cases, when it tested the validity of Reyes’s confession based on whether it had been voluntary. It has been clearly established Supreme Court law, ever since Miranda, that the test for admissibility of a confession is not whether it was voluntary. Rather, the test is whether it was taken in violation of Miranda.
All three of us conclude that the Court of Appeal made an “unreasonable determination of the facts” in concluding that, in employing their two-step interrogation, the officers did not deliberately undermine the effectiveness of the Miranda warning that was eventually provided. We describe in painstaking detail every interaction between the officers and Reyes. We unanimously conclude that a court cannot reasonably determine, based on the factual record, that the officers did not deliberately undermine the effectiveness of the Miranda warning.
Fourth, the dissent says that our decision “let[s] a confessed murderer walk.” Dissent at 1004. We are not as confident as the dissent that Reyes is, in fact, a murderer. There is reason to believe that fifteen-year-old Reyes confessed to a crime he did not commit.
Except for Reyes’s confession, the evidence at trial pointed to Reyes’s cousin, Munoz, as the shooter. It is undisputed that Reyes was a passenger in the back seat, and that Munoz was the driver. Two witnesses testified that the driver of the car shot the victim. One of those witnesses identified Munoz as the driver and shooter. The other witness testified that the driver was the shooter, but could not identify Munoz. Two other witnesses testified that they heard shots, but did not see the shooting. None of the witnesses testified that the shooter had been a passenger in the back seat.
Reyes did not want to snitch on his older cousin. During the interrogation, Reyes said, “Well, if I say something like what’s going to happen with my cousin? Is he still gonna go to jail? ... He had nothing to do with it.” Further, Reyes may well have thought that a confession would have limited adverse consequences for him. Before Reyes made his in-custody confession, Officer Heard had told him, “[Y]ou have my word I won’t trick you,” and “Fifteen-year-olds don’t go to state prison, Adrian.”
In sum, our opinion gives full deference under AEDPA to the decision of the California Court of Appeal. After careful consideration of the entire record and of the decision of the Court of Appeal, we conclude that the decision was “contrary to” Seibert, and that it was based on an unreasonable factual determination that the interrogating officers did not deliberately *1004 undermine the effectiveness of their belated Miranda warning.